**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**BECKLEY DIVISION**

HOPE LEANNE ANGELL,

        Plaintiff,

v.                              CIVIL ACTION NO.  5:18-cv-01229

ANDREW SAUL[1],
Commissioner of Social Security,

        Defendant.

**MEMORANDUM OPINION AND ORDER**

This is an action seeking review of the final decision of the Commissioner of Social Security (Defendant) denying the Plaintiff's applications for disability insurance benefits (DIB) under Title II and supplemental security income (SSI) under Title XVI of the Social Security Act (SSA). By *Standing Order* (Document 3) entered on August 17, 2018, this matter was referred to the Honorable Dwane L. Tinsley, United States Magistrate Judge, for findings of fact and recommendation for disposition. On June 24, 2019, Judge Tinsley submitted his *Proposed Findings and Recommendation* (PF&R) (Document 14), recommending that the Court affirm the final decision of the Commissioner, deny the Plaintiff's memorandum in support of summary judgment, and dismiss this matter from the Court's docket.

The Court has reviewed the *Plaintiff's Objections to the Magistrate Judge's Report and Recommendation* (Document 15), the *Defendant's Response to Plaintiff's Objections to the*

---

[1]At the time of the filing of this claim, and the filing of the *Proposed Findings and Recommendation*, the Defendant was listed as Nancy A. Berryhill, *Acting Commissioner of Social Security*.

1

*Magistrate Judge's Report and Recommendation* (Document 16), and the *Plaintiff's Reply to Defendant's Response to Plaintiff's Objections to the Magistrate Judge's Proposed Finding and Recommendation* (Document 17). The Court has also reviewed the original briefing, the administrative record (Document 8 and attachments), and the PF&R. For the reasons stated herein, the Court finds that the objections should be overruled.

The Plaintiff, Hope Leanne Angell, filed an application for DIB on February 12, 2015, and an application for SSI on June 22, 2015. She alleged disability beginning on December 23, 2014. She was found to have the following medically determinable impairments: scoliosis, depression, anxiety, and posttraumatic stress disorder. Her claims were denied at each successive stage, and she timely sought judicial review.

## APPLICABLE LAW

Disability under the SSA is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The Social Security Administration utilizes a five-step sequential inquiry to determine eligibility for social security disability benefits. If a claimant is determined not to be disabled at one step, the evaluation does not proceed to the next step. *See Johnson v. Barnhart*, 434 F.3d 650, 653-54 (4th Cir. 2005)). The Fourth Circuit has summarized the five-step process as follows:

> the ALJ asks at step one whether the claimant has been working; at step two, whether the claimant's medical impairments meet the regulations' severity and duration requirements; at step three, whether the medical impairments meet or equal an impairment listed in the regulations; at step four, whether the claimant can perform her

> past work given the limitations caused by her medical impairments;
> and at step five, whether the claimant can perform other work.

*Mascio v. Colvin*, 780 F.3d 632, 634 (4th Cir. 2015). "If the first three steps do not lead to a conclusive determination, the ALJ then assesses the claimant's residual functional capacity, which is 'the most' the claimant 'can still do despite' physical and mental limitations that affect her ability to work." (citing 20 C.F.R. § 416.945(a)(1)). *Id.* at 635. If the claimant is able to perform his or her past work, the ALJ can find the claimant not to be disabled. *Id.* If the claimant is not able to perform his or her past work, the ALJ proceeds to step five, where "the burden shifts to the Commissioner to prove, by a preponderance of the evidence that the claimant can perform other work that 'exists in significant numbers in the national economy,' considering the claimant's residual functional capacity, age, education, and work experience." *Id.* (citing 20 C.F.R. §§ 416.920(a)(4)(v); 416.960(c)(2); 416.1429).

## STANDARD OF REVIEW

The Federal Magistrates Act requires a district court to conduct a *de novo* review upon the record of any portion of the proposed findings and recommendations to which written objections have been made. 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b). Conversely, a district court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. *See Thomas v. Arn*, 474 U.S. 140, 149-50 (1985); *see also Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983) (holding that districts courts may adopt proposed findings and recommendations without explanation in the absence of objections). A district court judge may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1) (2006). A district court's

authority to choose among these options is independent of the statutory duty to afford review to those portions to which objections are addressed. *See Camby*, 718 F.2d at 199-200 ("If no objections were made, for example, it could hardly be argued that the judge must accept the [magistrate judge's] report if it contained an error of law apparent on its face."). As such, it is wholly within the district court's discretion to accept, reject, or modify a magistrate judge's proposal irrespective of any objections by the parties. *See United States v. Raddatz,* 447 U.S. 667, 676 (1980). Running parallel with district courts' discretion under the Federal Magistrates Act is the responsibility to ensure the just disposition of matters referred to magistrate judges. *See Mathews v. Weber*, 423 U.S. 261, 271 (1976); *see also Raddatz*, 447 U.S. at 683.

Section 405(g) of the SSA provides, "the findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . .." 42 U.S.C. § 405(g). "When examining an SSA disability determination, a reviewing court is required to uphold the determination when an ALJ has applied correct legal standards and the ALJ's factual findings are supported by substantial evidence." *Bird v. Comm'r of Soc. Sec. Admin.*, 699 F.3d 337, 340 (4th Cir. 2012). "Substantial evidence has been defined innumerable times as more than a scintilla, but less than a preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964) (citing *Consolidated Edison Co. v. N.L.R.B.*, 305 U.S. 197 (1938)). In making its determination, the Court must look to "the whole record to assure that there is a sound foundation for the Secretary's findings, and that his conclusion is rational." *Vitek v. Finch*, 438 F.2d 1157, 1157-58 (4th Cir. 1971). When the Commissioner's decision clearly disregards the overwhelming weight of the evidence, the Court may modify or reverse the decision. *Id.*

**DISCUSSION**

The Magistrate Judge set forth the Plaintiff's background and medical conditions in detail, and the Court incorporates those findings by reference herein. In summary, Ms. Angell worked as a medical transcriptionist prior to leaving her job as a result of her alleged disability. At the time of the Administrative Law Judge's (ALJ's) decision, she was forty years old. She has two children, and her parents live nearby. She complained of back pain and was diagnosed with scoliosis. Beginning in 2014, she complained of panic attacks, anxiety, depression, difficulty dealing with past trauma, and some memory problems.

The Plaintiff contends that the ALJ did not appropriately weigh the psychological opinions and did not sufficiently explain her decision to give greater weight to the non-examining State agency consultants than to the examining doctor who offered an opinion at the request of Plaintiff's counsel. The Magistrate Judge concluded that the ALJ's opinion was supported by substantial evidence and was adequately explained. The Plaintiff objects, contending that the Magistrate Judge improperly weighed the evidence by finding support for the ALJ's decision in the record despite the ALJ's failure to include an adequate explanation in her opinion. She argues that the ALJ failed to connect the evidence to her conclusions.

The ALJ found that Ms. Angell met the insured status requirements for DIB through December 31, 2019, based on her work history and not having engaged in substantial gainful activity since December 23, 2014. She further found the following severe impairments: scoliosis, depression, anxiety, and PTSD. The ALJ found that the impairments did not meet or medically equal the severity of a listed impairment. She discussed the Plaintiff's medical history in detail, carefully comparing the Plaintiff's statements regarding her limitations with her descriptions of

5

daily household, personal care, and childcare tasks she was able to complete without assistance. The ALJ gave great weight to two State agency psychological consultants, and partial weight to Dr. Tony R. Goudy, who performed an evaluation of the Plaintiff at her attorney's request. The ALJ explained that "the State agency psychological consultants concluded the claimant could perform basic work-like tasks with moderate limitations in dealing with the public." (Tr. at 17.) The ALJ's opinion explains that the State agency consultants' opinions were consistent with the information garnered from the Plaintiff's medical records and her own statements and self-reports regarding her abilities, while Dr. Goudy "somewhat overestimated the claimant's impairments as he did not have the benefit of reviewing the fully developed record." (Tr. at 18.)

The ALJ found that, in addition to physical limitations, Ms. Angell "would be limited to simple routine repetitive tasks but not at a production rate pace. She could have occasional interaction with coworkers and supervisors, but no interaction with the public. She would need a low stress work environment (no production quotas)." (Tr. at 15.) The ALJ concluded that Ms. Angell could not perform any past relevant work but could perform jobs that exist in significant numbers in the national economy and was, therefore, not disabled for purposes of DIB or SSI.

The Court finds that the ALJ explained her decision sufficiently to permit meaningful judicial review, and that her decision is supported by substantial evidence. This Court's role is not to re-weigh the evidence or make independent credibility determinations. *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996) ("In reviewing for substantial evidence, we do not undertake to re-weigh conflicting evidence, make credibility determinations, or substitute our judgment for that of the Secretary"). Although the ALJ's opinion did not explore the medical opinions in great detail, she explained why she gave greater weight to the State agency opinions than to Dr. Goudy's

opinion, and she evaluated the medical opinion evidence in light of the other evidence in the record to reach her conclusions regarding the Plaintiff's capabilities. Her opinions and explanations are supported by evidence in the record. Therefore, the Court finds that the Plaintiff's objections must be overruled and the PF&R adopted.

## CONCLUSION

Wherefore, after thorough review and careful consideration, the Court **ORDERS** that the *Plaintiff's Objections to Proposed Findings and Recommendation* (Document 15) be **OVERRULED**, and that the Magistrate Judge's *Proposed Findings and Recommendation* (Document 14) be **ADOPTED**. The Court further **ORDERS** that the *Plaintiff's Memorandum in Support of Summary Judgment* (Document 11) be **DENIED**, that the Defendant's *Brief in Support of Defendant's Decision* (Document 12) be **GRANTED**, that the final decision of the Commissioner be **AFFIRMED**, and that this matter be **DISMISSED** from the Court's docket.

The Court **DIRECTS** the Clerk to send a certified copy of this Order to Magistrate Judge Tinsley, to counsel of record and to any unrepresented party.

ENTER:     August 28, 2019

IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA